IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 4:07-CV-33-FL

| | |
|---|---|
| LESLIE YUENGAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on the memorandum and recommendation ("M&R") of United States Magistrate Judge William A. Webb (DE # 22), regarding the parties' cross-motions for judgment on the pleadings (DE ## 14, 20). In the M&R, the magistrate judge recommends denying plaintiff's motion, granting defendant's motion, and upholding the final decision of the Commissioner of Social Security. Plaintiff timely filed objections to the M&R (DE # 23). Defendant has not responded, and the time to do so has expired. Therefore, the issues raised are ripe for ruling. For the reasons set forth below, the court ADOPTS the M&R, and grants defendant's motion for judgment on the pleadings.

STATEMENT OF THE CASE

On November 6, 2003, plaintiff filed an application for disability insurance benefits ("DIB"), alleging that she became unable to work on March 26, 2003. Plaintiff's application for benefits was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), who on August 24, 2006, determined that plaintiff was not disabled as defined

by the Social Security Act during the relevant time period. The Appeals Council denied plaintiff's request for review on September 22, 2006, rendering the ALJ's decision a "final decision" for purposes of judicial review.

Pursuant to 42 U.S.C. § 405(g), the instant action was filed by plaintiff on March 5, 2007. In an M&R filed December 4, 2007, as already noted, the magistrate judge recommends that plaintiff's motion for judgment on the pleadings be denied, and that defendant's motion for judgment on the pleadings be granted.

## STANDARD OF REVIEW

The court's "primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. In reviewing for substantial evidence, [the court] does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted). Judicial review of administrative decision-making does not end there, because "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman, 829 F.2d at 517. Thus, it is the court's duty to determine both whether the Commissioner's findings are "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The court must not weigh the evidence, however, as it lacks the authority to substitute its judgment for that of the Commissioner. See Id. at 1456. Thus, in determining whether the

2

Commissioner's decision was supported by substantial evidence, the court simply decides whether the ALJ analyzed all of the relevant evidence and whether the ALJ sufficiently explained the findings and rationale which drove the decision. See Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-40 (4th Cir. 1997).

The district court conducts a *de novo* review of those portions of a magistrate judge's memorandum and recommendation to which specific objections are filed. 28 U.S.C. § 636(b). Those portions of the memorandum and recommendation to which only general or conclusory objections are lodged may be affirmed by the district court unless clearly erroneous or contrary to law. Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

## DISCUSSION

In the objections filed December 14, 2007, plaintiff argues that the magistrate judge improperly considered the testimony of Dr. Scott Yager, plaintiff's treating physician. (Obj. at 2). Plaintiff argues that substantial evidence does not exist to support the ALJ's determination that Dr. Yager's opinion was not entitled to substantial weight. (Id.) The medical opinion in question derives from a Social Security Medical Assessment completed by Dr. Yager on April 10, 2006, wherein he notes that plaintiff is unable to use her right arm, and that she suffers from constant neck pain and depression. (R. at 314). In this same evaluation, Dr. Yager opines that plaintiff is unable to work five days a week, full-time, in a sedentary position, and that she would have to lie down for approximately two or more hours per day. (Id. at 314-316). Finally, Dr. Yager asserts in the evaluation that plaintiff can only carry and lift up to five pounds occasionally, and that her right arm

3

is incapable of grasping, pushing or pulling, or fine manipulation. (Id. at 318-319).

"Although the treating physician rule generally requires a court to accord greater weight to the testimony of a treating physician, the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). A treating physician's opinion on the nature and severity of a claimed impairment is entitled to controlling weight only if well-supported by medically acceptable clinical and diagnostic techniques, and if it is not inconsistent with other substantial evidence in the record. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (citing 20 C.F.R. § 416.297). Accordingly, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. It is within the discretion of the ALJ to accord less evidentiary weight to a medical opinion, even if from a treating physician, where there exists persuasive evidence to the contrary. Hunter, 993 F.2d at 35. Finally, "an ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' or has not given good reason for the weight afforded a particular opinion." Koonce v. Apfel, 166 F.3d 1209, at *2 (4th Cir. 1999) (unpublished opinion) (internal citations omitted).

In accordance with Hunter, the ALJ accorded decreased evidentiary weight to Dr. Yager's opinion, but did not completely disregard it. In making this determination, the ALJ acknowledged that generally opinions from treating physicians are entitled to great weight, but noted that in this instance Dr. Yager's medical opinion "is not supported by any objective findings that would substantiate the degree of restriction cited." (R. at 18). Dr. Yager's opinion that plaintiff cannot perform even sedentary work is directly contradicted by other evidence in the record, such as

4

plaintiff's refusal to engage in physical therapy treatments, various medical evaluations performed by doctors other than Dr. Yager, and by the Residual Functional Capacity determination of Dr. S. Schoen, which found that plaintiff could occasionally lift and/or carry 50 pounds; (2) could frequently lift and/or carry 25 pounds; (3) could stand and/or walk about six hours in an eight-hour workday; and (4) could sit for a total of about six hours in an eight-hour workday. (R. at 18, 183-187, 190, 223, 226-227). The ALJ is charged with the responsibility of weighing conflicting evidence, and to resolve any conflicts that appear therein. Hays, 907 F.2d at 1456. In the case at bar, the ALJ fulfilled this obligation, determining that the weight of the evidence went against Dr. Yager's opinion. Further, the ALJ has provided good reason for his decision in weighing Dr. Yager's opinion, and there exist no specious inconsistencies which would compel the court to disturb this determination. Koonce, 166 F.3d at *3. Upon careful consideration, the court finds that substantial evidence exists to support the ALJ's determination that Dr. Yager's medical opinion was not sufficiently supported by the medical evidence within the record, and therefore should be accorded decreased evidentiary weight.

## CONCLUSION

For the reasons stated herein, the Memorandum and Recommendation of the magistrate judge is ADOPTED (DE # 22), plaintiff's motion for judgment on the pleadings (DE # 14) is DENIED, defendant's motion for judgment on the pleadings (DE # 20) is ALLOWED, and the final decision of the Commissioner is UPHELD.

SO ORDERED, this the 29th day of February, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge

5